**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
KEITH DEVENISH
                Plaintiff,

         -against-

MICHAEL J. ASTRUE, Commissioner, Social
Security Administration

                Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
12-cv-4567 (ADS)

**APPEARANCES:**

**Office of Christopher James Bowes**
*Attorney for the Plaintiff*
54 Cobblestone Drive
Shoreham, NY 11786

**United States Attorneys Office, Eastern District of New York**
*Attorney for the Defendant*
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201
      By: Kenneth M. Abell, Assistant U.S. Attorney

**SPATT, District Judge**.

      On September 12, 2012, the Plaintiff Keith Devenish (the "Plaintiff") commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g). The Plaintiff sought to reverse the decision of the Defendant Michael J. Astrue, the then-Commissioner of the Social Security Administration (the "Defendant") denying the Plaintiff's application for Social Security disability benefits.

      Presently before the Court is a motion by counsel for the Plaintiff, Christopher James Bowes ("Bowes"), for approval of attorneys' fees of $12,300 pursuant to Section 406(b) of the Social Security Act. For the reasons set forth below, the Court reduces the requested fee to $5,145.

1

# I. BACKGROUND

## A. Underlying Facts

The Plaintiff is a former firefighter whose primary residence is in Massapequa, New York. (Compl. at ¶ 4.) On October 15, 2010, the Plaintiff applied for Social Security disability benefits due to "reactive airway disease" and injuries to his lower back and left knee. (Id. at ¶ 6.)

On January 26, 2011, the Social Security Administration ("SSA") denied the application. (Id. at ¶ 7.) The Plaintiff appealed the SSA decision. On September 8, 2011, there was a hearing before Administrative Law Judge ("ALJ") Jay Cohen in Jericho, New York. (Id. at ¶ 8.)

On October 7, 2011, ALJ Cohen rendered a decision in which he denied the Plaintiff's claim for disability benefits because he found that the Plaintiff retained the capacity to perform sedentary work. (Id. at ¶ 9.) On July 10, 2012, the SSA Appeals Council declined to review ALJ Cohen's determination. (Id. at ¶ 10.)

On July 10, 2012, the Plaintiff commenced this action appealing the Defendant's decision.

By a February 20, 2013 stipulation, the parties agreed to (1) vacate the Defendant's decision denying the Plaintiff disability benefits; and (2) remand the case for further administrative proceedings, including a new hearing and decision. (Dkt. No. 7.)

By a further May 30, 2013 stipulation, the parties agreed to award Bowes $2,400 in attorneys' fees and $350 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which reflected 14.7 hours of Bowe's time. (Bowes Decl. at ¶ 11.)

On October 1, 2013, ALJ Joseph Faraguna found that the Plaintiff was disabled and entitled to disability benefits. (Bowes Decl. at ¶ 11.)


On February 11, 2014, the SSA issued a Notice of Decision awarding the Plaintiff past due benefits of $72,214. (Id. at Ex. C.) The SSA withheld $18,553, twenty-five percent of the Plaintiff's award, in the event that Bowes sought additional attorneys' fees. (Id. at Ex. D.) According to the Notice, the SSA will pay the remainder of the $18,553 to the Plaintiff after attorneys' fees are approved. (Id.)

In the present motion, Bowes moves for attorneys' fees pursuant to 42 U.S.C. § 406(b) for $12,300 in connection with 14.7 hours of work he undertook on behalf of the Plaintiff. According to Bowes's time records, Bowes spent this time conducting tasks, such as: (i) an initial review of records; (ii) discussions with the Plaintiff; (iii) additional review of the Plaintiff's "paperwork"; (iv) drafting and filing the complaint; (v) review of the administrative record; and (vi) prepar[ing] a "fee demand letter." (Id. at Ex. B) The time records list Bowes's hourly rate as $189.56. Under this hourly rate, Bowes's attorneys' fees would be $2,691 plus costs of $350 for a total of $3,041.75.

However, the Plaintiff agreed to pay Bowes a contingency fee of twenty-five percent of all past due benefits as compensation for legal services. (Id. at Ex. A.) As described above, twenty-five percent of $72,214 is $18,553. (Id. at 21.)

Bowes acknowledges that $18,533 is "arguably . . . somewhat disproportionate to the time expended," and as such, seeks $14,700 in fees, which reflects a $1,000 hourly rate. (Id. at 21–23.) However, he states that his contingency fee award of $14,700 should be offset by $2,400 in attorneys' fees that he was awarded under the EAJA for the same work. (Id. at ¶¶ 11, 24.) Thus, the Plaintiff seeks a total award of $12,300. (Id. at ¶ 24.)

The Defendant did not object to the Plaintiff's request but noted that attorneys are required to "obtain court approval of their fees, and courts are required to determine whether the amount of the fee requested is reasonable." (Dkt. No. 16.)

## II. DISCUSSION

Social Security Act § 406(b) provides that a court may award a "reasonable fee" "not in excess of 25% of the total of the past due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). The Second Circuit has held that the a court's determination of whether fees requested under section 406(b) should "begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (i) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." Id. (citation omitted); see also Barbour v. Colvin, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (Spatt, J) (same).

In addition, fee awards under both the EAJA and § 406(b) may be awarded, but the claimant's attorney must refund the claimant the amount of the smaller fee. Id. (citing Porter v. Comm'r of Soc. Sec., No. 8:06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009); see also Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order Attorney Hogg to return the lesser of either that amount or the EAJA award to his clients.").

In the instant case, Bowes's proposed fee of $14,700, including the EJA award, is within the twenty-five percent cap, which is $18,553. (Bowes Decl. at ¶¶ 21–23.) Furthermore, there

4

are no allegations of fraud or overreaching with respect to the retainer agreement. Therefore, the sole question for the Court is whether a fee of $14,700 for 14.7 hours of work would result in a windfall to Bowes.

There is no clear criteria for determining when an award would result in a windfall; however, courts in this Circuit had identified several relevant considerations:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Rowell v. Astrue, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting Trupia v. Astrue, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)).

In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." Whittico v. Colvin, No. 5:09-CV-907 (FJS), 2014 WL 1608671, at *4 (N.D.N.Y. Apr. 22, 2014) (citing Benton v. Comm'r of Soc. Sec., No. 03 CV 3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

In the instant case, the Plaintiff seeks an award of $14,700 for 14.7 hours of work resulting in an effective hourly rate of $1,000 per hour. This is well above the $200 – $3**75** hourly rate considered to be appropriate for attorneys in the Eastern District working in other areas of the law. See, e.g., In re Sinus Buster Products Consumer Litig., No. 12-CV-2429 (ADS), 2014 WL 5819921, at *15 (E.D.N.Y. Nov. 10, 2014) (Spatt, J) ("Recent Eastern District cases have indicated that the range of appropriating billing rates is $200—$375 for partners and $100—$300 for associates.") (citing United States v. Jones, No. 11–CV2869 (JFB), 2013 WL

6408639, at *3 (E.D.N.Y. Dec. 9, 2013)); see also Fastener Dimensions, Inc. v. Massachusetts Mut. Life Ins. Co., No. 12CV8918 DLC, 2014 WL 5455473, at *10 (S.D.N.Y. Oct. 28, 2014) ("In the Eastern District of New York, courts have awarded $200–$300 for senior associates and $100–$200 for junior associates in ERISA suits and similar cases.").

The Plaintiff is correct that courts in this Circuit routinely approve fee awards in the social security context that are above these market rates. See, e.g., Barbour v. Colvin, No. 12-CV-00548 ADS, 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (Spatt, J) (approving $26,784 award for 44.7 hours of work); Warren v. Astrue, No. 06-CV-2933 CBA, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."); Rowell v. Astrue, No. 05-CV-1592(CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) )("[C]ourts in this circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary.").

However, courts have also reduced awards in circumstances analogous to the instant case. For example, in Whittico v. Colvin, No. 5:09-CV-907 (FJS), 2014 WL 1608671, at *1 (N.D.N.Y. Apr. 22, 2014), the plaintiff's attorney successfully represented him in appealing the denial of his disability benefits by the SSA, ultimately resulting in an award of $115,000. Pursuant to a contingency fee agreement, the plaintiff's counsel sought fees of $24,882.23 for 19.7 hours of work, which resulted in an effective hourly rate of $1,100.62. Id.

However, the court found that awarding such a fee would result in a windfall to the plaintiff's attorney. Id. at *6. The court reasoned that the "work that [the] [p]laintiff's counsel expended before this [c]ourt was minimal and, primarily, routine in nature." Id. at *6. It noted

6

that he "did not file a legal brief in this case regarding the merits of [the] [p]laintiff's claims because the [c]ourt, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405(g)."  Id.  The court also pointed to the fact that "many of the 12.5 hours that [the] [p]laintiff's counsel expended on work before this [c]ourt involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 2.8 of those hours involved [the] [p]laintiff's motion for fees under the EAJA."  Id.  The court weighed these considerations against the successful result achieved by the plaintiff's attorney and the "inherent uncertainty of non-payment . . . involved . . . [in] contingency agreements," and reduced the requested fees by more than $11,000 and awarded $13,000 in fees.  Id.

Similarly in Benton v. Comm'r of Soc. Sec., No. 03 CV 3154 (ARR), 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007), the plaintiff's counsel sought a contingency award of $44,694.75 for 33.5 hours of work in successfully representing the plaintiff in a social security appeal.  The requested fees resulted in an effective hourly rate of $1,334.17.  Id.  The court found that such an award would result in a windfall to the plaintiff's attorney and instead awarded $15,000 in fees.  Id. The court's award reflected an hourly rate of $447.76, which it found "satisfie[d] the underlying policy goal of enabling social security claimants to secure quality legal representation."  Id.; see also Muniz v. Astrue, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("The court finds that an award of $2,500.00 would adequately compensate Mr. Delott for the time spent on the case before this court and for the risks he accepted in undertaking representation of [the] plaintiff.  Further, an award of fees of this sum — amounting to an hourly rate of $333.33 — satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

In the instant case, the Plaintiff seeks an award of $14,700 for 14.7 hours, resulting in an effective hourly rate of $1,000. Here, Bowles, though successful, did not prepare any memorandum of law in support of his complaint or advance any legal arguments because the ALJ's denial of the Plaintiff's benefits claim was vacated and remanded to the SSA by stipulation of the parties. See Whittico, 2014 WL 1608671, at *6 ("He did not file a legal brief in this case regarding the merits of Plaintiff's claims because the Court, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405(g).").

Moreover, the record here shows that he spent a total of 9.5 hours reviewing the Plaintiff's records and files and discussing the case with the Plaintiff, while devoting only 2.2 hours to drafting and filing the complaint, the only substantive legal document filed in this case. (Bowes Decl. at Ex. B.); see also Muniz, 2011 WL 5563506, at *6 ("However, the record here does not show that counsel's expertise aided him in being particularly efficient. Indeed, Mr. Delott's claim that he worked efficiently is undermined by his representation that he spent nearly three and a half hours attending to receiving minor administrative updates in the case."); Whittico, 2014 WL 1608671 at *6 ("Furthermore, many of the 12.5 hours that [the] [p]laintiff's counsel expended on work before this [c]ourt involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 2.8 of those hours involved [the] [p]laintiff's motion for fees under the EAJA.").

Therefore, the Court finds that the Bowes's request for $14,700 for 14.7 hours in this case would result in an unreasonable fee to Bowes in light of the relatively modest amount of work undertaken by Bowes in connection with his representation of the Plaintiff. Instead, the Court finds that an award of $5,145 would adequately compensate Bowes for the time that he spent on this case and for the risks that he accepted in undertaking the representation of the Plaintiff on a

contingency basis. Furthermore, an award of this fee — amounting to an hourly rate of $350 — satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. See,.e.g, Muniz v. Astrue, No. 09-CV-3954 ARR, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum — amounting to an hourly rate of $333.33 — satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered that the plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) is granted in part, and Bowes is awarded $5,145 in attorneys' fees. Upon receipt of this award from the Defendant, Bowes shall promptly refund the Plaintiff with $2,400 representing EAJA fees already received by counsel. The case remains closed.

**SO ORDERED.**
Dated: Central Islip, New York
January 24, 2015

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge